TATE, Justice.
The defendant Durr was convicted of one count of aggravated kidnapping, La.R.S. 14:44, and of another count of simple kidnapping, La.R.S. 14:45. The charges grew out of two incidents, in which Durr and a confederate, Dupre, had forcibly taken young women for the alleged purpose of raping them.
The confederate, Dupre, was separately tried and convicted of aggravated kidnapping on both counts. We have recently affirmed his conviction. State v. Dupre, 369 So.2d 1303 (1979).
The principal contention raised on the present defendant’s appeal is that the trial court erred in overruling the accused’s motion to quash the indictment.
We find no merit to this contention:
(a) Insofar as the defendant argues that the short-form indictment does not adequately inform him of the charge against him, we have repeatedly rejected this contention. See State v. Clark, 288 So.2d 612 (La.1974). As we there pointed out, the constitutional mandate that the defendant must be informed of the nature and cause of the accusation against him, La.Const. of 1974, Art. 1, Section 13, is satisfied by the requirement that the state must inform the accused charged by a short-form indictment, if requested by a motion for a bill of particulars, of the essential facts constituting the offense with which charged. See also State v. Mason, 305 So.2d 523 (La.1974).
(b) Insofar as the defendant argues that the joinder in a single indictment of unrelated crimes is unduly prejudicial and deprives him of the presumption of innocence accorded him by our constitution (La.Const. of 1974, Art. 1, Section 16), we have held that — when two separate offenses are joined in a single indictment, as permitted under limited circumstances by La.C.Cr.P. art. 493 (1975) — they must nevertheless be severed for trial upon request of the defendant, La.C.Cr.P. art. 495.1, if evidence of the separate offenses would not be admissible in the trial of each. State v. Carter, 352 So.2d 607 (La.1977). As thus construed, the statute permitting joinder of separate offenses in a single indictment is not prejudicial to the accused’s constitutional presumption of innocence.
We therefore reject the defendant’s contention that the indictment should be quashed for the reasons argued.
Other particulars of the defendant’s argument and other assignments by him are more fully discussed in an appendix to this opinion, which will not be published but which will remain part of the public records of this court. The discussion concerns non- *792 reversible issues clearly governed by applicable jurisprudence.
Accordingly, we affirm the convictions and sentences.
AFFIRMED.