377 So.2d 1234 (1979)
CITY OF BATON ROUGE
v.
Johnnie Ella WHEAT.
No. 65451.
Supreme Court of Louisiana.
December 19, 1979.
Leo J. Berggreen, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ralph Tyson, City Atty., Norman L. Haymer, Jr., Asst. City Atty., for plaintiff-respondent.
PER CURIAM.
On the night of February 1, 1977, petitioner was stopped and issued a traffic citation for speeding, a violation of La.R.S. 32:61. The arresting officer set a court date for March 8, 1977, which he entered on the citation; but petitioner refused to accept the ticket and failed to appear in court. A bench warrant issued for her arrest on March 29, 1977 was not executed for over a year until she was stopped for another traffic violation. On the morning petitioner was brought to trial, August 17, 1979, she moved to quash the charge on the ground that the period of limitation for institution of the prosecution had expired. The trial court denied the motion, found petitioner guilty, and imposed a $20 fine. She applied to this Court for a writ of review, urging the merits of the motion to quash and claiming that the evidence was insufficient to convict. Our decision on the first issue renders consideration of the second unnecessary.
Louisiana Code of Criminal Procedure Article 578 provides that as a general rule in misdemeanor cases, trial may not be commenced more than one year after the institution of prosecution. Methods of interrupting the time limitation are provided by La.C.Cr.P. Art. 579 as follows:
The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
Additionally, prescription is suspended by the filing of preliminary pleas.
In this case, over two years elapsed between the institution of the misdemeanor prosecution and trial. However, the trial judge concluded that petitioner's failure to appear in court as directed by the arresting officer had interrupted prescription. We disagree. Petitioner's conduct, though refractory, did not fall within the purview of Article 579. A sixteen year resident at the *1235 same address[1], which address was reflected upon the driver's license seized by the arresting officer, petitioner was hardly a fugitive. Moreover, her failure to respond to the summons issued by the officer did not render her unamenable to legal process. See, La.C.Cr.P. Art. 579, Official Revision Comment (d). Her testimony that she had not been long absent from her home in the two years following this offense and that no efforts had been made to serve a warrant on her went uncontradicted.
Since the time allowed for institution of prosecution has run without interruption, petitioner is entitled to have the charges against her dismissed. See, La.C.Cr.P. Art. 581; State v. Alexander, 357 So.2d 1118 (La.1978).
Accordingly, the decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
NOTES
[1] Although her route number had been changed, petitioner maintained the same residence.