395 So.2d 764 (1981)
STATE of Louisiana
v.
Dennis GUIDRY.
No. 80-K-2306.
Supreme Court of Louisiana.
March 2, 1981.
Lonny A. Myles, Myles & Tregle, Ltd., Hammond, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
LEAR, Justice Ad Hoc.[*]
On June 28, 1978, the district attorney's office filed a bill of information charging defendant, Dennis Guidry, with the offense of driving while intoxicated (DWI), a violation of La.R.S. 14:98. Defendant subsequently filed a motion to quash which was denied. Guidry then pleaded guilty to the charge and was fined $200.00 plus court costs, sentenced to a suspended term of six (6) months, and placed on one year supervised probation with conditions.[1] Defendant applied for supervisory writs to test the ruling of the trial court permitting the state to proceed with the prosecution when more than two years have elapsed since the filing of a formal charge.

FACTS
The salient facts and dates are as follows:
Defendant, Guidry, was arrested and charged with DWI on March 29, 1978. He was released that day, after he and his father executed an appearance bond. Defendant and his father listed their addresses as 3207 Byron Street, Baton Rouge, Louisiana, and 1911 West Thomas Street, Hammond, Louisiana, respectively.
*765 The state filed a formal charge on June 28, 1978. Arraignment was assigned for September 13, 1978, and service of process was attempted on defendant, but to no avail. The service return showed a new, out of parish address. The defendant failed to appear, and arraignment was rescheduled to October 18, 1978, with notice being sent to the new address. After a second failure to appear, a bench warrant was issued and notice ordered to be served on the surety to produce defendant within ten days or, in default, forfeit the bond. On August 6, 1980, nearly two years after the initial issuance of a judicial order to notify and command the surety to produce the defendant in court within ten days thereof, the court again issued an order that the surety and the accused be notified of arraignment returnable September 5, 1980. On September 5, the accused did appear with his father. The court, ex proprio motu, ordered the case reassigned to September 15, 1980.
Defendant filed on September 15, 1980, a motion to quash, urging that the time limitation for commencement of trial had expired. The trial court denied the motion. Defendant pleaded guilty. Although he perfected writs to this court, the record also reveals that defendant paid the fine portion of his sentence.
La.C.Cr.P. Art. 578 provides in pertinent part:
"Except as otherwise provided in this Chapter, no trial shall be commenced:
* * * * * *
"(3) In misdemeanor cases after one year from the date of institution of the prosecution.
"The offense charged shall determine the applicable limitation."
The record reveals a more than one year lapse between filing of the misdemeanor charge and trial. A heavy burden, therefore, is placed upon the state to show some interruption or suspension sanctioned by law to justify trial of the accused. The state relies on La.C.Cr.P. Art. 579.[2] That provision effects an interruption if the defendant was, inter alia, absent from his usual place of abode within the state with the intention of avoiding detection, apprehension, or prosecution, or his presence was unable to be obtained by legal process. The argument lacks merit. During the evidentiary hearing had on the motion to quash, the state failed to carry its burden. Its reliance on art. 579 is misplaced, as there is not a scintilla of evidence in the record to support its contention that the accused was absent from his usual place of abode to avoid prosecution. In fact, the simple putting into effect of the judge's order of October 18, 1978, to command the surety to appear and to produce the defendant, would have obviated this whole affair. This failure in the administrative process is tantamount to that discussed by this court in State v. Devito, 391 So.2d 813 (1980), which mandates reversal. The defendant established by his uncontroverted testimony and that of his parents that he was amenable to legal process at as early a time as notice could be given to his surety. The evidentiary hearing established that such an opportunity was available to the state, but it chose not to avail itself of the same. City of Baton Rouge v. Wheat, 377 So.2d 1234 (1979), State v. Alexander, 357 So.2d 1118 (1978).
We, therefore, hold that the state has failed to timely prosecute and that the trial court erred in denying defendant's motion to quash.
*766 Accordingly, the decision of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
NOTES
[*] Judges Covington, Chiasson and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.
[1] Defendant was required to receive counseling for alcohol and drug abuse.
[2] Art. 579. Interruption of time limitation

The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.