436 So.2d 623 (1983)
STATE of Louisiana, Appellee,
v.
Jarrell Delano FRITH, Appellant.
No. CR82-590.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Writ Denied October 17, 1983.
*624 Paul J. deMahy, St. Martinville, for defendant-appellant.
J. Phil Haney, Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
FORET, Judge.
Jarrell Delano Frith (defendant) was indicted for three counts of attempted aggravated rape of his six-year-old niece in violation of LSA-R.S. 14:27 and 14:42(3)[1]. Upon motion of the State, the counts were severed and the indictment amended to charge defendant with one count of attempted aggravated rape, alleged to have occurred in October of 1979[2]. Defendant was tried by jury on this count and found guilty on December 11, 1980. From this conviction, defendant appealed to the Louisiana Supreme Court. In State v. Frith, 412 So.2d 1000 (La.1982), defendant's conviction was reversed and the case remanded to the trial court[3].
On July 19, 1982, the State began the second trial of defendant on the amended indictment. Prior to trial, in answer to a "MOTION FOR BILL OF PARTICULARS", the State averred that the offense was committed between October, 1979, and May, 1980. After trial commenced, the State moved to amend the indictment, "... to read the dates of October to MayOctober of 1979 to May of 1980". The jury found defendant guilty. At the completion of the pre-sentence investigation, the trial court sentenced defendant to serve thirty years at hard labor. From this conviction, defendant appeals to this Court.
ASSIGNMENTS OF ERROR
1. "THE HONORABLE TRIAL COURT ERRED IN FAILING TO ORDER *625 THE PROSECUTION IN ANSWER TO THE REQUEST FOR BILL OF PARTICULARS TO SPECIFY THE ALLEGED DATE OF THE OFFENSE."
2. "THE HONORABLE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF ANOTHER CRIME TO PROVE GUILT OF THE CRIME CHARGED."
3. "THE HONORABLE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO AMEND THE INDICTMENT DURING THE TRIAL TO EXPAND THE DATE OF THE INDICTMENT FROM `OCTOBER, 1979,' TO `OCTOBER, 1979 TO MAY, 1980'."

FACTS
The evidence indicates that defendant began living with his sister, Lanell Verret, in October, 1979, at the Catrone Trailer Park in Stephensville. At that time, defendant's niece (Mrs. Verret's daughter) was also living there.
Mrs. Verret testified that she was working during October, 1979, and that while she was at work defendant would care for her children. She stated that defendant lived in the trailer, at various times, until May, 1980. During this time, she noticed that the victim was extremely nervous and easily upset. However, it was only after defendant moved out of the trailer that the victim informed her of the alleged offense. Mrs. Verret brought her daughter to a physician in Morgan City and to the coroner of St. Martin Parish, Dr. Kenneth Fournet. She then filed charges against her brother for attempted aggravated rape. Defendant was arrested by the St. Martin Parish Sheriff's Office in the latter part of May, 1980.
The victim was in the second grade at the time defendant allegedly attempted to rape her. She testified that the offense occurred in October, 1979. She stated that defendant entered her bedroom, removed her clothing, and attempted to have sexual intercourse with her[4]. While he was attempting to do so, the victim told defendant to stop and tried to scream. However, defendant placed his hand over her mouth and threatened to slap her if she did not shut up. When he finally let her go, the victim took a bath and returned to her bedroom. She stated that defendant then entered her bedroom again, told her that her mother was about to come home, and stated that he had been instructed by her mother to do what he did. He also threatened to harm the members of her family if she informed anyone of what had occurred. Because of this, the victim failed to tell her mother about the incident until defendant had moved from the trailer.
The testimony of Dr. Fournet was inconclusive. He stated that his examination of the victim in May of 1980 showed no signs of physical injury or emotional trauma. He explained that the lack of evidence of any injury at all could be attributed to the time interval between the date of his examination and the date of the alleged offense.
Defendant attempted to contradict the State's evidence by calling four witnesses. Mr. and Mrs. Joe Bullock testified that defendant was living with them from October, 1979 to April, 1980. Mr. and Mrs. Ray Legnon stated that defendant resided with them from April, 1980, until his arrest.
In rebuttal, the State introduced in evidence testimony given by defendant at a prior hearing. In it, defendant admitted that he went to live with his sister on October 15, 1979, and that he, "... stayed there until December 28 and I left".

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred in failing to order the prosecution (in answer to his motion for a bill of particulars) to specify the date of the alleged offense. Defendant argues that neither the indictment, nor the bill of particulars, supplied *626 him with adequate information concerning the time and date of the alleged offense to allow him to prepare his defense. As noted above, the bill of particulars and the indictment (as amended) specify that the alleged offense occurred between October, 1979 and May, 1980.
The purpose of a bill of particulars is to provide an accused with sufficient information as to the nature and cause of the offense with which he is charged. LSA-C.Cr.P. Article 484; State v. Naas, 409 So.2d 535 (La.1981), on rehearing, 409 So.2d 542 (La.1981), certiorari denied, 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982). It is now clear that the constitutional provision (LSA-Const. Art. 1, § 13) requiring that a defendant be informed of the nature and cause of the accusation is not to be restricted to mean that he must be so informed by indictment. State v. Gainey, 376 So.2d 1240 (La.1979), and authorities cited therein. However, the State is required, on request for a bill of particulars, to inform the defendant of the essential facts of the offense charged. State v. Gainey, supra; State v. Durr, 371 So.2d 790 (La.1979).
LSA-C.Cr.P. Article 468 provides:
"Art. 468. Date and time
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated."
Citing LSA-C.Cr.P. Article 468, State v. Glover, 304 So.2d 348 (La.1974), stated at page 350 that:
"At the outset, it should be noted that the date is not essential to the crime of aggravated rape; therefore, it need not be alleged in the indictment. When the date is not essential to an offense, the indictment shall not be held insufficient if it does not state a proper date."
Obviously, this reasoning is also applicable to the offense of attempted aggravated rape, and to the information that must be set forth in a bill of particulars.
The victim and witnesses in the instant case were unable to recall the exact date on which the alleged offense occurred. The State did not withhold it, and introduce it at trial to the defendant's surprise. Rather, the State supplied the defendant with all the available information concerning the date.
It is our opinion that defendant possessed enough information to identify the criminal offense and defend against it. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in allowing evidence of other crimes to prove him guilty of the offense with which he was charged.
We see no need for any detailed discussion of this alleged inadmissible "other crimes evidence", which was given in the form of testimony and a transcribed (and edited) version of a tape recorded statement made by defendant. The testimony was elicited from the prosecution's witnesses under very determined cross-examination by defendant's counsel and was responsive to the questions being asked. Defendant never objected to this testimony and would have been unable to do so successfully under the circumstances. Further, defendant never moved for a mistrial, nor made any request for an admonition, (on the basis of the admission of the testimony) as required by LSA-C.Cr.P. Articles 770, 771 and 775. See also the Official Revision Comments to these articles.
While defendant did object to the admission in evidence of the transcribed (and edited) version of his tape recorded statement on the ground that it contained inadmissible *627 "other crimes evidence", the trial court overruled the objection. We agree with the trial court's ruling on this objection. A review of the statement shows that it was concerned with only one offense committed by defendant. Defendant's version of how the incident occurred, and the date on which it occurred, is at variance with the testimony given by the victim. However, the jury could have properly concluded that the defendant was lying on both of these points, and it could have accepted the victim's testimony.
We note that the record clearly shows that the State made a very conscientious and successful effort to adduce evidence pertaining only to the offense for which defendant was convicted. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in allowing the prosecution to amend the indictment, during trial, to expand the date of the alleged offense from "October, 1979" to "October, 1979 to May, 1980".
LSA-C.Cr.P. Article 487 provides, in pertinent part, that:
"Art. 487. Defective indictment; amendment
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
. . ."
If the date or time is not an essential element of the offense charged, a mistake respecting the date on which the offense occurred is only a defect of form, which may be corrected at any time with leave of court. State v. McCoy, 337 So.2d 192 (La.1976); State v. Sharp, 321 So.2d 331 (La.1975).
We have already noted that the date is not an essential element of the crime of attempted aggravated rape. Under the provisions of LSA-C.Cr.P. Article 487, the court may cause an indictment to be amended at any time with respect to a defect of form. Thus, the trial court properly allowed the prosecution to amend the indictment.
LSA-C.Cr.P. Article 489 provides:
"Art. 489. Continuance where amendment prejudicial
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy." (Emphasis ours.)
The record shows that defendant objected to the trial court's ruling, allowing the prosecution to amend the indictment. However, no motion for a continuance was made by defendant at this time, and the trial continued.
This same set of circumstances was presented in State v. Williams, 347 So.2d 184 (La.1977), which held that:
"When an indictment is amended, unless a defendant moves for a continuance on the ground that he is prejudiced thereby and requires additional time to prepare his defense, he cannot later contend that he was prejudiced by the amendment."
This assignment of error is without merit.

*628 DECREE
For the reasons assigned, defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] The indictment originally stated that the three crimes that defendant was alleged to have committed occurred between October of 1979 and May of 1980.
[2] We note that in State v. Frith, 436 So.2d 620 (La.App. 3 Cir.1983), we have made peremptory the writ of review granted upon defendant's application for such with respect to the other two counts. We have ordered these two counts against defendant dismissed on the basis that the time limitation for bringing defendant to trial on them has expired.
[3] The Court concluded that the trial court had committed reversible error in unduly restricting defendant's voir dire examination of prospective jurors.
[4] The victim also testified that defendant inserted his finger into her vagina, while holding her mouth shut.