FORET, Judge.
Jarrell Delano Frith (defendant) was indicted on September 17, 1980, for three counts of attempted aggravated rape of his six-year-old niece [1] Upon motion of the State, the counts were severed and the indictment amended to charge defendant with one count of attempted aggravated rape alleged to have occurred in October of 1979. Defendant was tried by jury on this count and found guilty on December 11, *621 1980. From this conviction, defendant appealed to the Louisiana Supreme Court. In State v. Frith, 412 So.2d 1000 (La.1982), defendant’s conviction was reversed and the case remanded to the trial court.
On July 19, 1982, the State began the second trial of defendant on the amended indictment. Prior to trial, in answer to a “MOTION FOR BILL OF PARTICULARS”, the State averred that the offense was committed between October, 1979 and May, 1980. After trial commenced, the State moved to amend the indictment “... to read the dates of October to May — October of 1979 to May of 1980”. Upon conclusion of the trial, the jury retired to deliberate. After approximately twenty minutes, the jury informed the trial court that it had reached the following verdict:
“WE, THE JURY, FIND THE DEFENDANT: Guilty.”
After completion of the pre-sentence investigation, the trial court sentenced defendant to serve thirty years at hard labor. From this conviction, defendant appealed to this Court. In State v. Frith, 436 So.2d 623 (La.App. 3 Cir.1983), we affirmed defendant’s conviction.
ASSIGNMENT OF ERROR
“The Trial Court erred in denying Jarrell D. Frith’s Motion to Quash Counts 2 and 3 of the indictment against him.”[2]
FACTS
On December 6, 1982, defendant filed a “MOTION TO QUASH” the indictment against him on the ground that the time limitation for commencement of trial had expired. The trial court ordered the State to show cause on January 19,1983, why the motion should not be granted. On that date, a contradictory hearing was held by the trial court and the matter was submitted. The trial court then denied the motion.
Thereafter, defendant filed notice of his intention to apply to this Court for a writ of certiorari (review) and for a stay order. On February 3, 1983, defendant filed his application. Subsequently, we denied defendant’s application for a writ of review in part and granted it in part, stating that:
“Relator’s application is denied insofar as Count I of the indictment is concerned, the trial court having ruled, that inasmuch as relator’s conviction on that Count is now on appeal before this Court, the trial court is divested of jurisdiction of any consideration of a motion to quash; as to Counts II and III of the indictment, relator’s application is granted and will be set for briefing, hearing with oral argument, unless waived, and for a considered opinion at a later date.”
We will now proceed to render that opinion.
MOTION TO QUASH
Defendant contends that the trial court erred in denying his motion to quash Counts II and III of the indictment against him. Defendant’s contention is based on the provisions of LSA-C.Cr.P. Article 578(2).
LSA-C.Cr.P. Article 578(2) provides:
“Art. 578. General rule
Except as otherwise provided in this Chapter, no trial shall be commenced:
(2) In other felony cases after two years from the date of institution of the prosecution; and
LSA-C.Cr.P. Article 382 provides, in pertinent part, that:
“Art. 382. Methods of instituting criminal prosecutions
A prosecution for an offense punishable by death, or for an offense punishable *622 by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
Defendant argues that prosecution was instituted against him on all three counts of attempted aggravated rape, when the St. Martin Parish Grand Jury indicted him for those offenses on September 17, 1980. He further argues that the only suspension of the time limitation was caused by the filing of pre-trial motions on November 3, 1980. The suspension ended on December 1, 1980, when these motions were heard and disposed of. LSA-C.Cr.P. Article 580[3]. Thus, the time limitation for bringing him to trial on Counts II and III of the indictment has expired.
The record reveals a lapse of more than two years since defendant’s indictment on Counts II and III, and the State has failed to commence trial of him on those counts. A heavy burden, therefore, is placed upon the State to show some interruption or suspension sanctioned by law to justify trial of the accused. State v. Guidry, 395 So.2d 764 (La. 1981).
However, a review of the transcript of the hearing held on defendant’s motion to quash shows that the State presented no evidence to show that some interruption or suspension sanctioned by law had occurred, which would justify trial of defendant on Counts II and III of the indictment. In fact, the State admitted that the time limitation had expired with respect to these two counts.
Confusion arose at the trial court’s hearing on defendant’s motion to quash when he attempted to argue that the time limitation had expired with respect to all three counts contained in the indictment. Essentially, defendant asserted that it was impossible for the State to prove which count he had been tried on and convicted of. The trial court, without determining whether defendant’s assertion was correct, in effect, decided that it had been divested of jurisdiction over this entire matter by virtue of defendant’s appeal to this Court of his conviction of Count I.
LSA-C.Cr.P. Article 916 provides, in pertinent part, that:
“Art. 916. Divesting of jurisdiction of trial court
The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal.
The trial court was correct in finding that it had been divested of jurisdiction with respect to Count I of the indictment (save for certain matters enumerated in LSA-C.Cr.P. Article 916 which are not pertinent to a resolution of the issues present *623 ed). However, the trial court incorrectly concluded that it was divested of jurisdiction regarding Counts II and III of the indictment, as no trial of defendant (obviously no appeal was taken) had even been conducted on these counts.
LSA-C.Cr.P. Article 581 provides:
“Art. 581. Expiration of limitations; motion to quash; effect
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.” (Emphasis ours.)
Defendant waived his right of dismissal, under the provisions of LSA-C.Cr.P. Article 581, with respect to Count I as he filed his motion to quash subsequent to his trial on that count. However, the trial court should have dismissed Counts II and III (and had the jurisdiction to do so) as defendant timely filed his motion to quash with respect to those counts, and the time limitation had expired for the State to bring him to trial on them.
DECREE
IT IS ORDERED, ADJUDGED AND DECREED that the writ of review granted defendant, with respect to Counts II and III of the indictment against him, is hereby made peremptory.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that these two counts of the indictment against the defendant be dismissed.

. The indictment charged defendant with three violations of LSA-R.S. 14:27 and 14:42(3), alleged to have occurred between October of 1979 and May of 1980.

. In his application for a writ of review, defendant stated his assignment of error as follows: “The Trial Court erred in denying Jarrell D. Frith’s Motion to Quash the indictment against him.” On April 7, 1983, we denied defendant’s application in part and granted it in part, using the language quoted in the “FACTS” section of this opinion. Subsequently, in his original brief filed in this Court, defendant amended the wording of his assignment of error to read as quoted in the body of this opinion.

. LSA-C.Cr.P. Article 580 provides:
“Art. 580. Suspension of time limitations
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year añer the ruling to commence the trial.” (Emphasis ours.)
We note the emphasized language of this article because the trial court’s ruling on defendant’s motion to quash was made on Jan. 19, 1983. Thus, it could be argued that the State has one year from the date of this ruling within which to commence trial of defendant on Counts II and III of the indictment. However, the Official Revision Comment to LSA-C. Cr.P. Article 580 states, in pertinent part, that:
“It is essential, however, to allow the state a reasonable time after the ruling on the plea to reset the case for trial, especially in cases where the plea is filed when the prescriptive period is about to expire. For this reason, the article allows the state at least one year after the ruling within which to commence the trial.” (Emphasis ours.)
It is clear from a reading of the Official Revision Comment that the State is allowed one year after the ruling, within which to commence trial, when the ruling on the plea upsets a trial date previously fixed within the applicable time limitations. However, this one-year extension granted the State is inapplicable in situations where the State has simply failed to commence trial prior to the ruling on the motion to quash or other preliminary plea. A finding to the contrary would, in effect, repeal LSA-C.Cr.P. Article 578 and the time limitations for the commencement of trial contained therein.