GAUDIN, Judge.
This decree is in response to a directive of the Supreme Court of Louisiana, which remanded the case to this Court “... for briefing and opinion.”
Carl Florant seeks to quash the Bill of Information charging him with possession of talwin[1] because of the time delay between the filing of the bill (April 7, 1981) and his scheduled trial.
Florant’s motion to quash was denied in the 24th Judicial District Court.
We have examined the record and it shows that Florant and his attorney, Stephen Vallot, were in Division “I” of the 24th Judicial District Court on June 8, 1981. The case was continued until the following day, the minute entry showing that Florant and Mr. Vallot were orally notified to appear on June 9.
The June 9 minute entry indicates that Florant and Mr. Vallot were in court for trial, but that, at the request of the prosecuting attorney, the case was again postponed and reset for September 14, 1981.
Subsequently, Mr. Vallot received personal notice of the September 14, 1981 trial *584 date. Notice was sent to Florant, too, and the process server’s return is in the record. The front side of the return shows that Florant was in Parish Prison; the reverse side shows that the deputy received the notice on June 16, 1981 and personally served it on Florant. The deputy did not indicate the date service was made, but he signed the return in the proper place if Florant had been personally served. The printed wording above the deputy’s signature denotes personal service.
On September 14, 1981, Mr. Vallot appeared in court but without his client. He filed a motion saying “... that he wished to withdraw as counsel of record for defendant and withdraw from this cause in that he has not seen nor heard from defendant since June 8, 1981...”
Because Florant was absent, an attachment for him was issued. When deputies attempted to locate Florant at his Marrero, Louisiana address, they were unsuccessful.
Florant remained at large until February 10, 1983, when he was again arrested for a narcotics violation. On September 26, 1983, Florant and a new attorney, Philip O’Neill, appeared in Division “I”. The previously issued attachment was marked satisfied, and trial again scheduled, this time for December 5, 1983.
Florant filed a series of motions; and then, on June 7, 1984, filed a motion to quash the Bill of Information "... due to expiration of time limitations.”
Appellant relies on LSA-C.Cr.P. art. 578, which reads:
“Except as otherwise provided in this Chapter, no trial shall be commenced:
‘(1) In capital cases after three years from the date of institution of the prosecution;
‘(2) In other felony cases after two years from the date of institution of the prosecution; and
‘(3) In misdemeanor cases after one year from the date of institution of the prosecution.
‘The offense charged shall determine the applicable limitation.’ ”
The trial judge, in deciding that two years had not run, for Art. 578 purposes, obviously did not count the months between September 14, 1981, when the attachment was issued, and February 10, 1983, when Florant was arrested. If Flo-rant, for Art. 578 purposes, was given credit for the five months from April 7, 1981 to September 14, 1981, and the months between February 10, 1983 and December 5, 1983, two years still had not expired.
Only if the time between September 14, 1981 and February 10, 1983 was counted could Florant’s motion to quash have been valid, and we cannot say that the district judge erred when he failed to give Florant credit for these months.
When a statutory time limitation has set in, the State has the burden of showing an interruption sanctioned by law. State v. Guidry, 395 So.2d 764 (La.1981). Here, the prosecution met this burden by showing (1) the attachment following Flo-rant’s failure to appear on September 14, 1981 and (2) the subsequent but futile attempt to locate him at his residence.
The trial judge properly denied the motion to quash. Accordingly, Florant’s writ to this Court is denied.
WRIT DENIED.

. LSA-R.S. 40:967, a felony punishable by imprisonment with or without hard labor for not more than five years and a fine of not more than $5,000.00.