362 So.2d 1379 (1978)
STATE of Louisiana
v.
Renee S. MORRIS.
No. 61832.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 5, 1978.
*1380 Alton T. Moran, Director, Office of Public Defender, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., John Sinquefield, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-respondent.
TATE, Justice.
At a pre-trial hearing, the trial court ruled certain other-crime evidence would be admissible at the trial on the merits of guilt or innocence "to show system, knowledge, and intent." See La.R.S. 15:445, 446. We granted supervisory writs to review this interlocutory ruling. 356 So.2d 1003 (1977).

(1)
Normally, evidence of extraneous offenses is inadmissible at the trial of the offense charged. Aside from relevancy considerations, in large part this prohibition is based upon the excessively prejudicial effect upon the accused's constitutional presumption of innocence of the crime for which (alone) the accused is on trial. State v. Prieur, 277 So.2d 126 (La.1973). See also: State v. Ledet, 345 So.2d 474 (La.1977); State v. Moore, 278 So.2d 781 (La.1973); Pugh, Louisiana Evidence Law 30 (1974).
Nevertheless, subject to stringent jurisprudential safeguards to avoid undue prejudice of this nature, extraneous offenses may be admissible for limited purposes as having independent relevance to prove a material fact actually at issue.
Relevantly to the present inquiry, where specific intent is at issue, similar acts by which such intent may be inferred are admissible. La.R.S. 15:445, 446; State v. Medlock, 291 So.2d 190 (La.1974); cf., State v. Clark, 338 So.2d 690 (La.1976). Even so, other-crime evidence may be admissible only where its probative value exceeds its prejudicial effect; and, because of the substantial risk that the extraneous crime may prejudice the constitutional presumption of the accused's innocence, the state must affirmatively show that such evidence is not merely a subterfuge for depicting the accused's bad character and that it serves the limited actual purposes for which ostensibly offered. State v. Ledet, 345 So.2d 474 (La. 1977) and jurisprudence therein cited.
To effectuate these purposes, the state is required to give pre-trial notice of its intent to introduce other-crime evidence under La.R.S. 15:445, 446, at which time it must show that the other-crime evidence meets the constitutional, statutory, and jurisprudential guidelines for its admission. *1381 State v. Prieur, 277 So.2d 126 (La.1973).[1] The issue presently under review is whether the other-crime evidence which the state intends to introduce meets the criteria set forth by this decision and by the jurisprudence. The trial court held that it did.

(2)
The defendant is charged with the first-degree murder of her son, aged 16 months on August 17, 1977. The crime, a capital offense, is defined as "the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm." La.R.S. 14:30 (1976).
Alleging that the accused's son Michael had died as a result of blunt trauma to the head and abdomen, the state served notice of its intent to introduce facts showing similar severe beatings by the accused of two other of her children:

A.
Six years earlier, the defendant allegedly beat her child William, six months, on July 12, 1971 and November 9, 1971, causing multiple bruises of the head and skull fractures. On October 17, 1972, she pleaded guilty to aggravated assault of this minor in Texas. The gravamen of the Texas offense is the use of unlawful violence upon a child with intent to injure him. See Texas Penal Code of 1925, Articles 1138 and 1147 (as amended in 1955) (covering child batteries prior to August 30, 1971), and Article 1148a (effective August 30, 1971, enacted by Act of 1971, 62nd Leg., p. 2809, ch. 911). 2A Vernon's Annotated Penal Code of the State of Texas (1961; 1972 pocketpart).

B.
Three years earlier than the present offense, the defendant mother had allegedly beaten yet another infant son, John, aged three months, on May 2, 1973, and the child died three days later of head injuries. The offense occurred in Louisiana, and the defendant pleaded guilty to manslaughter. Applied to the facts indicated, the gravamen of that crime was either (a) the intentional killing of the child "in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection," La.R.S. 14:31(1) (1973) or (b) the unintentional killing of the child in the commission of a battery upon the child, La.R.S. 14:31(2).

(3)
The issue before us is whether, as part of its case in chief,[2] the state may introduce *1382 evidence of these similar offenses for the limited permissible purposes of proving acts relevant to show intent, guilty knowledge, or system. La.R.S. 15:445, 446; State v. Prieur, 277 So.2d 126 (La.1973) and succeeding jurisprudence.
The state alleges no other specific reason for admitting the evidence of the prior child-beatings than that they had occurred. Without extended discussion, we note that, then, the permissible purpose apparently relied upon was to prove by these prior beatings, that the accused had beaten the present child with the specific intent to kill him or to inflict great bodily harm upon him.[3]
Stated another way, does the circumstance that twice before the accused had beaten two of her other children, on occasions respectively six and three years prior to the present offense, tend to prove that she had beaten the present child with the specific intent to kill or seriously injure him? And, if so, does the probative value of this other-crime evidence in proving such specific intent outweigh its prejudicial effect, in that the jury may because of the prior incidents (and the defect of character thus exhibited) find such specific intent for the present beating, whatever its circumstance (no matter how light the blow may have been, for example)?
To the extent that other-crime evidence tends to prove an accused is guilty of the present offense simply because he committed the previous crimes, it is inadmissible. To the extent that the other-crime evidence tends to have this effect rather than to afford substantial proof of a fact actually at issue in the present prosecution, its prejudicial effect outweighs its probative value; for example, when the incremental probative value is relatively slight, but the possibility of misuse by the jury is great, the evidence should be excluded.
See: State v. Showers, 359 So.2d 104 (La.1978); State v. Frederick, 340 So.2d 1353 (La.1976); Wigmore on Evidence: Vol. 1, Section 194 (3d ed., 1940); Vol. VI, Section 1904 (Chadbourn rev., 1976); Weinstein on Evidence, Sections 403[3], 404[9], [10] (1977); McCormick on Evidence, Section 190 (2d ed., 1972).
Tested by these standards, we find that, upon the showing made, the other-crime evidence is not admissible, if sought to be introduced by the state in its case in chief.
We entertain doubt, although we do not expressly so hold, that the two previous crimes (the Texas crime of hitting a child with intent to injure him, and the Louisiana crime of either an unintentional killing or else one committed in hot blood under provocation) are truly probative of a specific intent to kill or commit great bodily injury at the time some years later when the offense was committed on the present child.[4] Ultimately, we conclude that, whether or not so probative, its prejudicial effect far outweighs whatever probative value it might have in such respect, especially if the state (as it indicates) intends to go into extensive detail as to the circumstances of the previous offenses.

Decree
Accordingly, for the reasons stated, we reverse the interlocutory ruling of the trial *1383 court that the other-crime evidence proffered by the state is admissible in its case in chief. The case is remanded to the district court for further proceedings in accordance with law.
INTERLOCUTORY RULING REVERSED, AND CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH LAW.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
The trial judge ruled at a pretrial hearing that the other-crime evidence would be admissible at trial on the merit of guilt or innocence "to show system, knowledge, and intent." La.R.S. 15:445 and 446. I agree. The statutory provisions clearly provide for the admission of similar acts, independent of the act charged as a crime in the indictment, to show intent. The state has the burden of proving beyond a reasonable doubt that defendant had specific intent to kill or to inflict great bodily harm on her victim child. La.R.S. 14:30 (1976). Hence, I consider that evidence of defendant's previous convictions for the aggravated assault on one child and manslaughter of another infant child would be admissible to show her intent to kill or to inflict great bodily harm on her victim child injured in this case.
Accordingly, I respectfully dissent.
NOTES
[1] These "Prieur guidelines" are set forth in the cited opinion at 277 So.2d 130. Pertinent to the pre-trial showing, they provide:

"When the State intends to offer evidence of other criminal offenses under the exceptions outlined in R.S. 15:445 and 446:
"(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony.
"(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
"(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered. * * *"
[2] Different consideration may obtain if the accused affirmatively raises specific issues of fact which the otherwise-inadmissible other-crime evidence becomes relevant to rebut. State v. Banks, 307 So.2d 594 (La.1975); see State v. Clark, 338 So.2d 690 (La. 1976) (concurring opinion by Dennis, J.). Insofar as not overruled by the subsequent "system" jurisprudence, see e. g. State v. Showers, 359 So.2d 104 (La.1978), the viability of the holding in State v. Bradford, 259 La. 381, 250 So.2d 375 (1971) may be limited to permitting evidence of prior child-beatings which produce serious injuries, in order to rebut a defense that the child-injuries alleged to have been committed by the accused were accidental in nature or the result of what was intended to be normal and reasonable discipline.
[3] A "system" of killing children, such as for insurance purposes, is not a relevant fact at issue; the system exception is not pertinent, if only for this reason. See State v. Showers, 359 So.2d 104 (La.1978) and jurisprudence cited. See also 2 Wigmore on Evidence, Sections 237, 240, 304 (3d ed. 1940), describing evidence introduced for this purpose as to prove a design or plan. Likewise, the state does not suggest that the evidence should be admissible to rebut an innocent explanation of the beating (see footnote 2) advanced by the accused; the "guilty knowledge" exception is thus not pertinent (assuming it is applicable at all in the state's case in chief, see footnote 2). State v. Williams, 353 So.2d 1295 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Slayton, 338 So.2d 694 (La.1976).
[4] In expressing this doubt, to some extent we take into consideration that the accused is charged with first-degree murder, La.R.S. 14:30 (1976), a capital crime, involving a deliberateness of specific intent and purpose more serious than that involved in the less serious crimes for which the accused was actually convicted upon her previous offenses.