507 So.2d 1263 (1987)
STATE of Louisiana
v.
Arthur Gene FISHER.
No. CR86-790.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Dismissed June 19, 1987.
*1264 Martin St. Sanders, Jr., Winnfield, for defendant-appellant.
Joseph P. Beck, Dist. Atty., Colfax, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOMENGEAUX, Judge.
Arthur Gene Fisher was convicted on November 20, 1984, of attempted aggravated *1265 rape, a violation of La.R.S. 14:27 and 14:42. The defendant was sentenced on February 21, 1985, to serve forty years in the Louisiana State Penitentiary. The defendant now appeals his conviction and sentence raising twelve assignments of error.

FACTS
In the later months of 1982 Arthur Gene Fisher resided in a mobile home outside Pollock, Louisiana. He lived with his wife, Vera Rosalee Fisher, his son Anthony Fisher, and his wife's seven-year-old daughter Shantelle Marie Herrin. One morning between November 25, 1982, Thanksgiving, and December 6, 1982, Shantelle's birthday, Fisher attempted to sexually assault Shantelle.
Shantelle brought this fact to the attention of her aunt, Betty Jeffries. Jeffries and Shantelle's grandmother contacted the authorities and Shantelle was removed from the home.
Pam Dotherow, a case worker with the Department of Health and Human Services, testified that she interviewed Shantelle and reported her findings to the District Attorney and the Sheriff. Based upon Dotherow's information, Fisher was charged with aggravated rape.

ASSIGNMENT OF ERROR NO. 1
This assignment of error consists of five subparts. Subparts 1(C) and 1(E) were not briefed and are, therefore, considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
The defendant contends in the remaining subparts of Assignment No. 1 that the trial court erred in allowing two dolls to be used by the prosecution during the testimony of the victim. The use of the dolls was in error, according to the defendant, because: subpart (A), the use of the dolls constituted leading the witness, and subparts (B) and (D), no foundation was laid for their use.

Leading Questions
The dolls in question were used by the prosecution to assist the eight-year-old witness in relating the accounts of her experience. No objection was made during the trial that their use constituted leading the witness. Pursuant to La. Code Crim.Proc. art. 841, the defendant has waived his right to allege error. Despite the absence of a contemporaneous objection, we will address the defendant's alleged error.
The defense contends that the trial court erred in permitting the prosecution to ask Shantelle questions, in conjunction with the use of the dolls, that suggested the answers she was to give. The defendant particularly addressed Shantelle's use of the dolls to demonstrate the attack, alleging that the prosecution's "rehearsal" of this demonstration was unduly suggestive and influenced her testimony.
A "leading question," as defined by La. R.S. 15:277, is "one which suggests to the witness the answer he is to deliver." Although R.S. 15:277 limits leading one's own witness to situations in which the witness is uncooperative or hostile, the Supreme Court has held that leading questions may be directed to particular classes of witnesses, including children. State v. Kahey, 436 So.2d 475 (La.1983); State v. Vanderhoff, 415 So.2d 190 (La.1982); State v. Bolton, 408 So.2d 250 (La.1981).
The Supreme Court has previously held that leading questions are generally not the type of prosecutorial error which diminishes the reliability of a jury's verdict. "Only when there is a clear abuse of discretion which prejudices defendant's rights will a conviction be reversed because of leading questions." State v. Felde, 422 So.2d 370, 385 (La.1982), cert. denied, 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1985). See also, State v. Casimier, 454 So.2d 1199 (La.App. 4th Cir.1984).
In Vanderhoff, the trial court permitted the prosecution to use leading questions during the examination of a nine-year-old rape victim. The Supreme Court noted on review that absent leading questions it was probable that the victim's testimony would not have revealed what transpired. The Court affirmed the defendant's conviction holding that there was no abuse of discretion in allowing the prosecution to ask leading questions of "a witness who, because *1266 of youth, confusion or otherwise, cannot understand direct questions." Supra, at 194.
In the instant case, as in Vanderhoff, it is probable that Shantelle would have been unable to accurately testify without the aid of leading questions. There is no evidence that Shantelle acquiesced to any false suggestions and her testimony, in fact, leads us to the opposite conclusion. The trial judge did not abuse his discretion in allowing the prosecution to ask Shantelle leading questions.
Assignment of Error No. 1, subpart (A), lacks merit.

Lack of Foundation
The defendant next contends that the dolls were demonstrative evidence and assigns error alleging that no foundation was laid for their use. This is the first occasion the defendant has chosen to object, alleging that no foundation was established prior to the use of the dolls. Pursuant to article 841, a contemporaneous objection is necessary to preserve an error for appeal. Since no objection was raised at trial, the defendant is precluded from raising this error for the first time on appeal.
This aspect of Assignment of Error No. 1 subparts (B) and (D), is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant argues in this assignment of error that the trial court erred in accepting a guilty verdict because there was "insufficient proof" that the attempted aggravated rape occurred within the time period stated in the bill of indictment. The defendant argues, "The evidence testimony, if accepted as true as to date, places the charged act outside the indictment."
This Court, in State v. Frith, 436 So.2d 623 (La.App. 3rd Cir.1983), writ denied, 440 So.2d 731 (La.1983), held that the date of the offense is not an essential element of the crime of attempted aggravated rape. Any error as to the date of the alleged offense in an indictment is an error only as to form. Accordingly, the defendant's conviction does not rest upon whether the State presented evidence that the acts of the offense fell within the precise time frame stated in the indictment. This defendant was adequately apprised of the offense with which he was charged.
The appropriate standard by which an appellate court is to review the evidence of a conviction was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] According to Jackson, the question on review is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could find that the offense was proven beyond a reasonable doubt.
In the instant case, the question is whether the prosecution established that the act occurred within the period specified in the bill of indictment, November 25, 1982, to December 16, 1982. Shantelle testified that she knew what sex was and that it was what the defendant did to her. She further testified, on two separate occasions, that the sex act, which she described through the use of the dolls, occurred some time after Thanksgiving, November 25, 1982, but before her birthday, December 6, 1982. It is the decision of this Court, after reviewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could find that Fisher did attempt the aggravated rape of Shantelle, and that he did so within the time period charged in the bill of indictment.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 10
The defense argues in these assignments of error that the trial court erred in allowing *1267 into evidence a reference by the victim to multiple offenses. The defendant contends that this testimony prejudiced him because the victim was a minor and her testimony was the only link to the crime by time and place.
The challenged testimony arose when the victim was asked, "Did this happen on a school day?" Shantelle responded, "Sometimes", indicating multiple offenses.
The defendant moved for a mistrial which was denied. The jury was then admonished. For reasons which will be more fully elaborated in Assignment of Error No. 11, the trial judge did not err in denying the defendant's motion for a mistrial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error, the defense contends that the trial court erred in not granting a mistrial because of an allegedly inflammatory and derogatory statement made by the prosecution. The statement in question, made during the prosecution's closing argument, characterized the defendant as a "poor, working, drinking, rapist." The defendant argues that La. Code Crim.Proc. arts. 770, 774 and/or 775(3) dictate that a mistrial should have been granted.
Article 770 sets forth the grounds dictating a mandatory mistrial. Article 770 is not self-operative; a defendant must move for a mistrial. Official Revision Comment (b) states, "a failure to move for a mistrial is a waiver of the error." Fisher did not move for a mistrial and is, therefore, precluded from alleging error on appeal. State v. James, 459 So.2d 1299 (La. App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985).
We must also note that none of the grounds in article 770 entitling the mover to a mandatory mistrial are present in the instant case.
Article 774 addresses the scope of closing argument. Arguments, according to article 774, must be confined to the evidence admitted and conclusions which may be drawn therefrom. The evidence adduced at trial supported the prosecution's remark. The prosecutor did not go beyond the evidence and his statement, taken in the context in which it was made was not so inflammatory or derogatory as to necessitate reversal.
Article 775 establishes the grounds for discretionary mistrial. The defendant contends that a mistrial should have been granted pursuant to article 775(3). Article 775(3) empowers the trial judge to grant a mistrial for any "legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law[.]" We do not believe that the prosecutor's remarks renders the judgment entered upon the jury's verdict reversible as a matter of law.
Fisher did not move for a mistrial, nor did he request that the jury be admonished. According to State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983), a defendant's failure to timely move for a mistrial or request that the jury be admonished is a waiver of any error that may be claimed.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
The defendant alleges in Assignment of Error No. 5 that the trial court erred in failing to grant a mistrial when the prosecutor, in his closing argument, referenced "other crimes" of a similar nature. The prosecutor stated, "and you can visualize over the last fifteen to twenty years these crimes more and more coming to light every day." The defendant contends this reference to "other crimes" prejudiced him and that a mistrial should have been granted.
Mistrial is a drastic remedy and should be granted only when mandated by statute or when the defendant's right to a fair trial has been substantially prejudiced. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983). The challenged "other crimes" statement does not come within the scope of article 770 which states the grounds for *1268 mandatory mistrials and it did not substantially prejudice the defendant. The jury was promptly admonished to disregard the statement and the defendant's right to a fair trial was preserved. The trial judge did not abuse his discretion in denying the defendant's request for a mistrial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
During the instruction phase of the trial, the judge stated that "Intent is a question of fact.... You may presume that the defendant intended the natural consequences of his act...." The defense objected to this aspect of the court's instructions and remarked, "This charge involves a general criminal intend [sic] and not a specific one." The prosecutor, responding to the defense counsel's statement, said that the State's position was that, "This charge is a rape charge which requires no intent...." No objection was raised to the prosecutor's statement.
The defense now contends that the prosecutor's remark dictates that his conviction be reversed. The defendant is incorrect. Pursuant to article 841, no error or irregularity may be availed after verdict unless it was objected to at the time it occurred. The defendant failed to object to the prosecutor's remark and, therefore, waived his right to raise this issue on appeal.
This conviction would not be reversed, even if the defendant had timely objected to the prosecutor's statement. The defendant was convicted of attempted aggravated rape. The trial judge defined attempt as requiring specific intent and then defined specific intent. The trial judge's instructions were clear. We find no irregularity dictating reversal in the instruction phase of the trial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
It is the defendant's contention in this assignment of error that the trial court erred in allowing the defendant's conviction for attempted aggravated rape to stand on a ten to two vote. The defendant argued during his closing argument, and now argues on appeal, that a unanimous vote is required.
A unanimous twelve member jury verdict is only required, according to La. Code Crim.Proc. art. 782, in cases in which the punishment may be death. Article 782 further provides that all cases in which the punishment is necessarily confinement at hard labor shall be tried by a jury of twelve, only ten of whom must concur to render a verdict. The Louisiana Supreme Court held in State v. Edwards, 420 So.2d 663 (La.1982), that nonunanimous jury verdicts are constitutional.
The defendant argues, by erroneous analogy, that because the verdict of a six member jury must be unanimous a verdict arrived at by a ten to two vote should be unconstitutional. This argument has previously been rejected. State v. Simmons, 414 So.2d 705 (La.1982); and State v. Jones, 381 So.2d 416 (La.1980). Unanimous verdicts are required of six member jurys because of the jury's size. This consideration is not present in the case of a twelve person jury.
No reversal is dictated in this case. Attempted aggravated rape is not a capital offense and, therefore, unanimity is not constitutionally mandated.
Assignment of Error No. 7 lacks merit.

ASSIGNMENT OF ERROR NO. 8
By this assignment of error, the defendant contends that the trial court erred in not explaining to or informing his former wife that she had a right not to testify against her former husband. The defendant contends that he and his former wife should have been advised of this privilege.
La.R.S. 15:461 establishes Louisiana's spousal privilege. This privilege covers two situations. State v. Smith, 489 So.2d 255 (La.App. 5th Cir.1986). Subsection (1) of R.S. 15:461 protects private conversations between husbands and wives. Either spouse may assert this privilege. R.S. 15:461, subsection (2), provides that neither a husband nor a wife may be compelled to testify against the other. This aspect of *1269 the spousal privilege, R.S. 15:461(2), may be waived by the testifying spouse. State v. Bennett, 357 So.2d 1136 (La.1978).
The defendant and the witness herein are no longer married and were not married at the time of the trial. Ms. Fisher divorced the defendant in 1983 and the defendant's trial did not occur until 1984. The considerations which led the legislature to provide for a spousal privilege, specifically the interest in preserving the family unit, are not present in this case.
In the instant case, Ms. Fisher, the former wife of the defendant, testified for the State. Ms. Fisher was not prohibited from voluntarily testifying. State v. Triplett, 313 So.2d 227 (La.1975).
As to private communications, the record does not reveal that the witness testified about conversations between herself and her former husband which occurred during the marriage. Absent evidence of private conversations and a contemporaneous objection to any such testimony, R.S. 15:461(1) does not provide the defendant with the grounds upon which an appeal may be had.
Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 9
The defendant contends in this assignment of error that the trial court erred in allowing the prosecutor to ask the victim, an eight-year-old girl, leading and suggestive questions on direct examination.
This assignment was not briefed. Assignments not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENT OF ERROR NO. 11
By this assignment of error, the defendant contends that the trial court erred in failing to grant a mistrial when Shantelle referred to possible other crimes. The prosecutor, attempting to establish when the crime occurred, asked Shantelle, "Did it happen on a school day?" Shantelle answered, "Sometimes." The jury was admonished to disregard any inference of multiple offenses and was instructed that they should concentrate solely on the dates within the bill of indictment.
The defense argues that this admonition was insufficient to cure the prejudice the defendant suffered and that a mistrial should have been granted. The defendant's argument lacks merit.
Article 770 provides the grounds for mandatory mistrial. Article 770 states:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Article 770 does not address the situation in which a witness refers to the possibility of other crimes.
The Louisiana Supreme Court in State v. Madison, 345 So.2d 485 (La.1977), held that a mistrial is proper only when the prosecution elicits testimony involving other crimes. Testimony which is specifically drawn out by the prosecution is imputed to the State, just as if the district attorney had made the remark.
Official Revision Comment (d) of article 770 states that when a witness makes a *1270 statement that would be within article 770 had it been made by the district attorney, article 771 shall govern. Article 771 states:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
According to article 771, an admonition is the proper remedy, unless the trial judge determines that it would be insufficient. In State v. Odds, 430 So.2d 1269 (La.App. 1st Cir.1983), the Court held that absent clear prejudice to the defendant, an unsolicited reference to other crimes by a witness only requires an admonition. See also, State v. Stucke, 419 So.2d 939 (La.1982).
The remark complained of in the instant case was unsolicited. The trial judge did not abuse his discretion by only admonishing the jury.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 12
The defendant argues in this, his final assignment of error, that the trial court erred in not excusing juror Ouida Halston Powell for cause. Ms. Powell was challenged because she had a brother who worked in law enforcement and her daughter was married to the brother of a witness.
Pursuant to La.Code Crim.Proc. art. 799, a defendant is allowed twelve peremptory challenges in cases in which the punishment is death or imprisonment necessarily at hard labor. Fisher, having been charged with aggravated rape, a crime which carries a possible punishment of life imprisonment at hard labor, was, therefore, entitled to twelve peremptory challenges. Fisher only used six peremptory challenges.
A defendant cannot complain of a ruling failing to sustain his challenge for cause, unless he has exhausted all of his peremptory challenges before completion of the jury panel. State v. Sugar, 408 So.2d 1329 (La.1982); State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 969 (La.1984). Fisher did not use all of his peremptory challenges; he cannot now complain of the trial court's denial of his challenge for cause.
This assignment of error lacks merit.

SENTENCE REVIEW
Arthur Gene Fisher was sentenced to serve forty years in the Louisiana State Penitentiary. He now argues that his sentence is excessive.[2]
Fisher, at the time of sentencing, was a forty-seven year old male who had been convicted of the attempted aggravated rape of his seven-year-old step-daughter. The maximum sentence which could have been imposed was fifty years.
The trial judge in his "Reasons For Sentence" stated that the defendant was convicted *1271 of a very serious crime and that a lesser sentence would deprecate the gravity of the offense. He reviewed the defendant's criminal record and learned of the defendant's extensive criminal past. Fisher's record revealed: one conviction for manslaughter; one conviction for theft; two convictions for simple battery; and two convictions for D.W.I. Not mentioned by the trial judge was the fact that the defendant was on parole for the manslaughter conviction when he committed the crime for which he now reenters prison.
The trial judge further stated that the defendant's prospects for rehabilitation were poor and that he needed institutional correction. The trial judge believed the defendant to be violent and dangerous and that society needed to be protected from him.
We agree with the reasoning and the decision of the trial judge. The defendant's forty year sentence is not excessive.
For the above and foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.