628 So.2d 1295 (1993)
STATE of Louisiana
v.
David W. DIXON.
No. CR93-703.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1296 Jerold Edward Knoll, Marksville, for State of La.
Renee Yvette Roy, Marksville, for David W. Dixon.
Before DOMENGEAUX, C.J., and STOKER and THIBODEAUX, JJ.
STOKER, Judge.
Defendant, David W. Dixon, was convicted by a jury of aggravated rape, a violation of LSA-R.S. 14:42, and sentenced to life imprisonment at hard labor as mandated by LSA-R.S. 14:42. Defendant appeals his conviction. We affirm.

FACTS
Defendant lived with his girlfriend, Renee Dominick, and their daughter, S. S. frequently stayed with one of her grandmothers, Mary Lavalais or Mary Lee Dixon.
In April 1992, when S. was seven years old, S. was staying with Mary Lavalais. Mary Lavalais testified that when she was preparing to go out one evening and planning to leave S. with her father, the defendant, S. told her she did not want to stay with defendant. When asked why, S. replied he made her "stoop over" and do "nasty things". Mary Lavalais then stayed home and told her daughter, S.'s mother, about it.
Mary Dixon, defendant's mother, testified that S. stays with her almost every weekend. She stated she always bathed S. and that, sometime between April and September of 1992, she noticed something was different, "that the bottom of her was not like it was supposed to be; it looked like she had been fooled with." Mary Dixon questioned S. about it and S. told her what had happened with the defendant. Mary Dixon then told S.'s mother.
At the time of the trial, S. was eight years old. She said the defendant would pull down his clothes and her clothes, have her get down on her hands and knees and put "his private in [her] private." The State had the child demonstrate the position and had the judge describe it for the record. S. stated that afterwards there was "some white stuff" on her and that the defendant would use a towel to wipe it off of her, as well as himself.
S. testified that the first person she told was "Tawasa." This is the name the child used for her maternal grandmother, Mary Lavalais. She said that afterwards she told her other grandmother, Mary Dixon, and they told her mother. S. said this all happened the same day she went to the police station and spoke with Officer Chris. She identified Officer Chris as the one in the courtroom wearing a white shirt and no coat.
Officer Chris Lachney testified that he received a complaint of sexual abuse in this case on September 16, 1992 and that to his knowledge this was the first complaint of the matter to the police.
Dr. David Lee Spence, deputy coroner of Rapides Parish and a board certified obstetrician gynecologist, testified that he examined S. on September 21, 1992. Dr. Spence performed a gross body exam, as well as a colposcopic examination of the child's vaginal area. The doctor testified that in a child the age of S., the labia, the large folds of skin around the vagina, are normally nearly fused shut. In individuals who have had trauma to the area such as sexual relations or vaginal surgery the area will be dilated, that is, the labia will be separated. The doctor testified that when he placed the child on her back with her knees up to her chest, the labia gaped open without being pressed apart by either fingers or a pediatric speculum. The doctor stated that this indicated that the vaginal introitus had been dilated repeatedly, which was consistent with sexual activity or intercourse over a prolonged period. The *1297 doctor also identified pictures he had taken of S. during the examination, which illustrated his findings. Dr. Spence explained that normally, in order to get this kind of visualization, a child of S.'s age would have to be put under anesthesia so that the area could be dilated with a speculum. It would normally be so painful that a child of S.'s age could not tolerate the speculum without anesthesia. The photographs presented were taken without a speculum or anyone holding the labia because it separated by itself. The hymenal ring, usually present with a very small opening, had been completely obliterated. Remnants of the hymen were only visible with the aid of the colposcope at a magnification of thirty times. The photographs taken by Dr. Spence were entered into evidence.
When asked his impression as a result of the examination the doctor responded:
"My impression is that the child has been repeatedly traumatized in the vaginal area; that the vaginal opening, the introitus, has been dialated on multiple occasions. And, although I wasn't able to show any signs of a recent, like within the last 24 to 48 hours, in the way of sperm or red blood cells, indicating a recent tear, certainly, she's been traumatized in that area on multiple occasions."
Dr. Spence further testified that the hymen can be broken in a number of ways other than sexual intercourse, including by the child herself using her finger. S. denied ever having put her fingers in her vaginal area.
Defendant was arrested and charged with aggravated rape of S. over a sixteen month period, from January 1991 through about April 1992. Defendant was convicted by a jury of aggravated rape and received the mandatory sentence of life imprisonment at hard labor.

OPINION

Prieur Notice
Defendant contends on appeal that the trial judge erred in overruling his objection and permitting the State to introduce evidence of other crimes since the State did not provide a Prieur notice of its intent to do so. Specifically, the State charged defendant with committing one count of aggravated rape which occurred sometime during the time period running from the beginning of the year 1991 through April 1992. The State's attorney deliberately elicited testimony from the victim and one of the victim's grandmothers as to various times at which the victim was raped by the defendant, all of which apparently fell within the sixteen month time frame specified by the State.
In response to the defendant's objection to the introduction of the other crimes evidence, the State's attorney argued and the trial judge held that the evidence was admissible without a Prieur notice under an exception to the Prieur notice requirement set forth in State v. Acliese, 403 So.2d 665 (La.1981). The trial judge reasoned that evidence of "other acts of rape" in a continuing sexual relationship between the defendant and a prosecutrix under twelve years of age is admissible without a prior Prieur notice.
In State v. Acliese, 403 So.2d 665 (La. 1981), the State gave the defendant a Prieur notice of its intent to introduce evidence of other acts of rape committed by the defendant on the prosecutrix. Acliese, like the case before us now, involved a continuing sexual relationship. However, the issue in Acliese was the admissibility of the other crimes evidence. The court in Acliese did not discuss the necessity of a Prieur notice, but rather the relevance and admissibility, under an exception to the general exclusionary rule, of the evidence of the other crimes. The court held the evidence of other crimes was admissible as relevant to show defendant's system, knowledge and intent. The court did not hold that a Prieur notice was unnecessary. A Prieur notice was filed in Acliese. The crime charged in Acliese was alleged to have occurred on May 8, 1979, and the other crimes took place within the preceding six week period. Therefore, we find that the State and the trial judge erred as a matter of law in relying on Acliese to support *1298 the introduction of the "other crimes" evidence without a Prieur notice.
However, we find the evidence in the case before us was admissible without a Prieur notice for a different reason; we find that the evidence introduced was not evidence of "other crimes" which would require a Prieur notice.
The Prieur notice rule, statutarily recognized in LSA-C.E. art. 1103, requires the State to furnish, as a prerequisite to the admissibility of evidence of other crimes, in writing to defendant, a statement of the acts or offenses it intends to offer, describing same with the general particularity of an indictment or information. The State also must specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses, and show that the evidence is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or propensity for bad behavior, and that it serves the actual purpose for which it is offered.
The prohibition against evidence of other crimes is largely based upon the excessively prejudicial effect upon the accused's constitutional presumption of innocence of the crime for which (alone) the accused is on trial. State v. Morris, 362 So.2d 1379, 1380 (La. 1978).
The purpose of a Prieur notice is to give the defendant an opportunity to test the relevancy, admissibility and probativeness of other crimes evidence prior to its introduction at trial, since evidence of previous criminal activity does affect the opinion of those who sit in judgment. State v. Moore, 278 So.2d 781 (La.1973); State v. Prieur, 277 So.2d 126 (La.1973). Also, a Prieur notice gives the defendant time to prepare a defense to the evidence of the other acts or crimes. State v. Hatcher, 372 So.2d 1024, 1027 (La.1979). The prosecution's duty to give the defendant reasonable, particularized notice of its intent to use other crimes evidence is separate and independent of the question of the admissibility of the evidence. The Prieur procedures must be followed regardless of whether the other crimes evidence is ultimately admissible. State v. Goza, 408 So.2d 1349, 1353 (La.1982).
In a prosecution for the commission of rape of a female under the age of consent, the evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible. Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi. State v. Morgan, 296 So.2d 286, 288 (La.1974). Also, State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946); State v. Esponge, 593 So.2d 677, 678 (La.App. 1st Cir.1991); Acliese, 403 So.2d at 667. However, a Prieur notice is usually given prior to trial.
In the case before us, the defendant is accused of aggravated rape of the same victim within a sixteen month period. The bill of particulars alleged that the defendant committed aggravated rape of the victim sometime during a sixteen month period. The evidence showed that the victim and the defendant had a sexual relationship over that sixteen month period. The prior jurisprudence defines this type of sexual relationship as a "continuing relationship." State v. Case, 357 So.2d 498, 499 (La.1978); State v. Kohl, 524 So.2d 781, 784 (La.App. 3d Cir.1988).
We have found no other cases in which the defendant objected to the lack of a Prieur notice for the introduction of evidence of other sex crimes with the same prosecutrix. However, we find that such a case as this does not truly present a need for a Prieur notice because, although evidence of more than one occurrence was presented, all of the occurrences fall within the sixteen month time range specified in the bill of particulars and involved the same prosecutrix. The State was merely attempting to introduce sufficient proof of any one of the occurrences within that time frame.
Although only one count of aggravated rape is generally charged, a range of time in *1299 which it occurred is often given in cases involving a continuing sexual relationship. See State v. Osborne, 593 So.2d 888, 891 (La.App.2d Cir.1992); Kohl, 524 So.2d at 784; State v. Fisher, 507 So.2d 1263, 1266 (La. App. 3d Cir.1987), writ denied, 551 So.2d 1328 (La.1989); State v. Frith, 436 So.2d 623, 627 (La.App. 3d Cir.), writ denied, 440 So.2d 731 (La.1983); Case, 357 So.2d at 499. Therefore, the evidence of any aggravated rape by the defendant of the same victim within that time frame is evidence of the crime with which the defendant is accused; it is not evidence of "other crimes".
In the case before us, the defendant was in no danger of being convicted of some other crime than that for which he was on trial or because he was a man of criminal character. See State v. Sutfield, 354 So.2d 1334 (La. 1978). Nor was the defendant in danger of being tried for charges of which he had no notice or for which he was unprepared and which unfairly prejudiced him in the eyes of the jury. See Goza, 408 So.2d at 1353. Defendant was simply tried for the crime with which he was charged and he was given sufficient notice of the crime through the bill of particulars. No evidence of other crimes was introduced and, therefore, a Prieur notice of the State's intent to introduce other crimes evidence at trial was neither required nor necessary.
Finally, we note that the sixteen month time frame alleged for the commission of the crime is not too general or too long. The date of the offense is not an essential element of the crime of aggravated rape. Frith, 436 So.2d at 626. Also, Fisher, 507 So.2d at 1266. In a continuing relationship of this type, exact dates often cannot be supplied. Kohl, 524 So.2d at 784, and cases cited therein. Moreover, the extreme youth of the victim in this case poses even more problems in obtaining exact dates. It was not necessary for the State to specify the date of an offense in the indictment or the bill of particulars, and any one of the offenses committed within that time frame could be proven to obtain a conviction for the crime with which defendant was charged.

Sufficiency of the Evidence
Defendant contends that his aggravated rape conviction is not supported by the law and the evidence because the testimony of the witnesses was inconsistent.
First, defendant contends that the testimony of Renee Dominick, Mary Dixon, and Mary Lavalais, as to what S. told them about the rapes, was inadmissible hearsay. Moreover, defendant contends that neither Dixon's nor Lavalais's testimony was consistent with S.'s because of confusion over the dates of the events.
As previously discussed, the date of the offense is not an essential element of the crime of aggravated rape. Frith, 436 So.2d at 626. A specific date was never mentioned by any of the witnesses. However, all of the testimony related to the time frame within which defendant had the continuing sexual relationship with S. It was not necessary for specific dates to be given by the witnesses.
As to the alleged hearsay rule violations, we note that a victim's initial complaint of sexually assaultive behavior, which is consistent with the victim's own testimony, is not hearsay under LSA-C.E. art. 801 D(1)(d). Therefore, the testimony by Mary Lavalais, as to S.'s initial complaint of defendant's sexually assaultive behavior, was admissible as non-hearsay.
Defendant complains that the witnesses's lack of specificity as to dates makes it impossible to know to whom S. made her initial complaint. However, the evidence shows that S. spoke to Mary Lavalais in April 1992 and that Mary Lee Dixon noticed "something wrong" sometime between April 1992 and September 1992. Also, S. testified that she told Mary Lavalais first. Therefore, the evidence shows that the initial complaint was made to Mary Lavalais.
Defendant further contends that Renee Dominick's and Mary Lee Dixon's testimony, as to S.'s complaints to them of defendant's sexually assaultive behavior, was hearsay and, therefore, the trial judge erred in admitting *1300 the testimony over his objection. However, Renee Dominick did not testify at trial. Moreover, Mary Lee Dixon did not testify as to any statement or complaint made to her by S. She only testified as to her own observations of S.'s body when she bathed S. and then simply stated that she had a conversation with S. Therefore, there were no violations of the hearsay exclusionary rule.
Finally, we find, after a careful review of the record, that there is sufficient evidence to support defendant's aggravated rape conviction. The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bennett, 591 So.2d 1193, 1199 (La.App. 1st Cir.1991). LSA-R.S. 14:42 A(4) provides:
La.R.S. 14:42 A (4):
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
4. When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
Defendant testified that he did not rape his daughter. However, the testimony of the victim refutes this and is supported by the testimony of the other witnesses and the medical evidence. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not the sufficiency. Bennett, 591 So.2d at 1200; State v. Richardson, 459 So.2d 31, 38 (La. App. 1st Cir.1984). The guilty verdict indicates that the jury found the testimony of the victim to be more credible than the defendant's. We find that, with the jury's credibility determination in favor of the victim and viewing the evidence in the light most favorable to the prosecution, the State proved beyond a reasonable doubt that defendant is guilty of aggravated rape of S.

Sequestration
Defendant next contends on appeal that the trial judge erred in permitting the prosecuting attorney to violate the rule of sequestration by talking with the State's witnesses during trial. Defendant particularly complains that the State's attorney spoke with witness Mary Lee Dixon during a break in the trial which occurred during her testimony.
LSA-C.E. art. 615(A) states that a sequestered witness must refrain from discussing the facts of the case during the proceedings with anyone other than the counsel in the case. Therefore, discussion of the case between the prosecuting attorney and the State's witnesses is not a violation of the sequestration rule. The defendant has not alleged, nor has it been shown, that the witnesses discussed the case among themselves. Defendant simply seems annoyed by the fact that there was a two hour break after Mary Lee Dixon began to testify. The break was due to defendant's objections based on alleged hearsay and lack of a Prieur notice. After resolution of the objections, the attorneys had time to talk to their witnesses. Then the trial judge permitted the State to excuse Mary Lee Dixon, put another witness on the stand, and recall Mary Lee Dixon later. LSA-C.Cr.P. art. 773 gives the State and the defendant control over the order in which they present their evidence.
Therefore, there was no error in excusing and then recalling Mary Lee Dixon. This assignment clearly lacks merit.

Other Assignments of Error
Defendant raised two other assignments of error, relating to an alleged defect in the verdict form and an alleged denial of his *1301 right to cross examination, which he failed to argue in brief.
Failure to argue assignments of error constitutes a waiver of those errors. State v. Lewis, 576 So.2d 1106, 1110 (La.App. 3d Cir.), writ denied, 580 So.2d 669 (La.1991). See also, Uniform RulesCourt of Appeal Rule 2-12.4. Therefore, these assignments of error are deemed abandoned.

Errors Patent
Finally, we note two errors patent on the face of the record.
First, the trial judge failed to give defendant credit for time served, in accordance with LSA-C.Cr.P. art. 882(A), when sentencing defendant. Therefore, the case must be remanded for amendment of the sentence and of the minute entry to reflect that defendant is given credit for time served prior to imposition of the sentence.
Second, the trial judge failed to inform the defendant, at the time of sentencing, of the three year prescriptive period for post-conviction relief, in accordance with LSA-C.Cr.P. art. 930.8. Therefore, the trial judge must be directed to inform defendant of the prescriptive period by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice into the record of the proceedings.

DISPOSITION
For the reasons given, David W. Dixon's conviction is affirmed. The case is remanded and the district court is ordered to amend the sentence and minute entry to reflect that defendant is given credit for time served. The district court is further ordered to inform defendant of the LSA-C.Cr.P. art. 930.8 prescriptive period for post-conviction relief by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice into the record of the proceedings.
AFFIRMED; REMANDED WITH INSTRUCTIONS.