[PLOTKIN, J.,
dissenting.
I respectfully dissent from the majority opinion affirming the defendant’s conviction and sentencé and would find the evidence *1289 sufficient for a sexual battery conviction. I do not believe the state met its burden of proof regarding the essential element of force even with the use of inadmissible hearsay.
FORCE:
The majority opinion holds that the disparity between the victim and defendant’s age and size is sufficient to find implicit force, however, the jurisprudence holds otherwise. In State v. Henry, 439 So.2d 1242, 1248-1249 (La.App. 5 Cir.1983), writ granted, 443 So.2d 599 (La.1983), affirmed 449 So.2d 486 (La.1984), the court spoke at length about this issue.
Our review of the testimony in this case reveals no evidence of “force” as contemplated by the above-cited statute.
Appellant argues that the mere action of a full grown man lying on top of an eight year old girl satisfies the element of force.
The young victim testified that Charles Henry instructed her to get in bed with him and she complied. Then he got on top of her and penetrated her. It is clear from her testimony that she did not even know what was about to happen to her. Under these facts, appellant’s argument that the victim’s testimony substantiates the use of force which the 8 year old did not resist because she ^believed her resistance would not prevent the rape is completely unsupported.
Moreover, the court in State v. Papillion, 467 So.2d 136, 139 (La.App. 3 Cir.1985) stated:
... The only force apparently involved was the force used in the performance of the act itself.
We do not believe that the size and age of the defendant and the nature of the act alone are sufficient to meet the element of force required in the act of forcible rape. Something more should have been evident.
Also, in a more recent case, the above standard was reiterated,
... At the close of trial, the evidence revealed that the victim was less than 12 years of age and that Harris was more than 18 years of age when the rape occurred. Harris did not introduce any evidence tending to prove their ages to the contrary.
Neither Harris nor the state introduced any evidence showing that either force, threats or violence was used upon the victim. Thus, the evidence does not support a verdict of forcible rape.
State v. Harris, 627 So.2d 788 (La.App. 2 Cir.1993), writ denied 93-3188 (La.3/18/94), 634 So.2d 851.
In the instant case, the victim did not testify to any force at all. The assistant district attorney sought merely to elicit from her that sexual intercourse did indeed transpire. The victim also did not testify that the defendant threatened her in any way. She did state that he made her promise not to tell anyone. But, to glean from this statement an actual or even implied threat or force is specious.
Even assuming arguendo that the testimony of the victim’s mother is fully admissible, which it is not, she did not supply sufficient information for a finding of force or -threats of force. She stated that her daughter told her, “[wjell, he held one hand over her stomach and one hand over her mouth.” She did not say that he used force to hold her down; she did not. indicate that he had his hand on her stomach in order to prevent her from moving or force her to remain on the bed. J^This statement alone formed the basis for the finding of force or threats of force necessary to convict this defendant. I do not believe the state met its burden of proof beyond a reasonable doubt for this essential element of the crime of forcible rape. See, State v. Powell, 438 So.2d 1306 (La.App. 3 Cir.1983), writ denied 443 So.2d 585 (1983). Furthermore, the majority’s interpretation effectively eliminates the proof requirement of force as ah element in the crime of forcible rape. The force associated with the act of sex is sufficient to convict in their opinion. This is not the intent of the statute or the interpretation in the jurisprudence.
HEARSAY:
The majority correctly explains the standard of La.C.E. art. 801(D)(1)(d). That article specifically states, A statement is not hearsay if: ... The declarant testified at the trial or hearing and is subject to cross-exami *1290 nation concerning the statement, and the statement is: .'.. Consistent with the declar-ant’s testimony and is one of initial complaint of sexually assaultive behavior. Here, contrary to the majority’s assertion, the testimony of the victim and the victim’s mother was not consistent. The victim testified that her father placed her on top of him when he penetrated her, while her mother testified that the victim told her that her father held her down and was on top when he penetrated her. Moreover, to contend that because the victim was not asked any questions regarding the use of force or threats of force, ergo, the victim’s mother could not have contradicted the victim’s testimony is specious.
While there is scant jurisprudence regarding the level of consistency needed to allow an initial report of sexually assaultive behavior into evidence, State v. Dixon, 628 So.2d 1295 (La.App. 3 Cir.1993) is helpful. In Dixon, the defendant argued that the testimony of the victim and the persons to whom the first report [jwas made was inconsistent because the latter could not testify as to the specific date of the rape. The court stated,
... Moreover, defendant contends that neither Dixon’s nor Lavalais’s testimony was consistent, with S’s because of the confusion over the dates of the events.
As previously discussed, the date of the offense is not an essential element of the crime of aggravated rape, (citations omitted). A specific date was never mentioned by any of the witnesses. However, all of the testimony related to the time frame within which defendant had the continuing sexual relationship with S. It was not necessary for specific dates to be given by the witnesses.
Id. at 1299. The instant case is distinguishable because the factual inconsistency, whether or not force or threats of force was used, is an essential element of the crime. As such, it follows that the testimony of the victim and the first reporter must be consistent in regards to an essential element of the crime. In this case, because the testimony of the mother regarding the use of force or threats of force was clearly inconsistent with the victim regarding this essential element, it should not have been allowed into evidence.
Furthermore, La.C.E. art. 801(D)(1)(d) is a general rule of evidence, and in 1995, the Louisiana legislature enacted La.C.E. art. 804(B)(5) [1], which narrowed the type of evidence allowed under La.C.E. art. 801(D)(1)(d). La.C.E. art. 804(B)(5) reads: “The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ... A statement made by a person under the age of twelve years and the statement is one of initial or otherwise trustworthy complaint of sexually assaultive behavior.” There is an obvious discrepancy when these two articles are read concurrently. Article 801(D)(1)(d) allows the admission of a statement as nonhearsay if the declarant testifies at trial, is subject to cross-examination, the statement is consistent with the declar-ant’s live testimony and the statement is in regards to an initial complaint of sexually assaultive behavior. On fethe other hand, under La.C.E. art. 804(B)(5), the statement of a victim of sexually assaultive behavior who is under the age of twelve is only admissible if the statement is one of initial or otherwise trustworthy complaint of sexually assaultive behavior and the declarant is unavailable to testify. Where two laws conflict, the law more specifically directed to the matter at issue must prevail over the general law. State in the Interest of T.J.T., 97-0335 (La.App. 4 Cir. 4/9/97), 692 So.2d 1385, 1387. Therefore, in this case, since the victim was available to testify and indeed did testify, and was under the age of twelve, the testimony of her mother was clearly inadmissible hearsay under La.C.E. art. 804(B)(5) as well.
However, council for defendant did not object to the testimony of the victim’s mother regarding what the victim told her about how the defendant perpetrated the sexual assault. La.C.Cr.P. art. 841(A) mandates that a contemporaneous objection be lodged at the time an error occurs, .or the defendant waives his/her right to avail himself/herself of a remedy at the appellate level. That article states: “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” Thus, at first *1291 blush, it appears that defendant is without any recourse for this error and the testimony of the mother is admissible as substantive evidence. State v. Pendelton, 96-367, 97-206 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 152; State v. Collins, 27,323 (La.App. 2 Cir. 9/29/95), 661 So.2d 684; State v. Franklin, 520 So.2d 1047 (La.App. 3 Cir.1987); State v. Harris, 444 So.2d 257 (La.App. 1 Cir.1983), writ denied, 445 So.2d 1234; State v. Arnold, 367 So.2d 324 (La.1979);
But, the jurisprudence has carved out a limited exception to LSA-C.Cr.P. art. 841(A) when to ignore an assignment of error on the ground of lack of a contemporaneous objection would be patently unfair to the defendant. In State v. Potter, 578 So.2d 528, 531 (La.App. 4 Cir.1991), writ granted, 582 So.2d 844 (1991), reversed on other grounds, 591 So.2d 1166 (1991), this court explained the ^purpose of the contemporaneous objection rule. The rule has two aims, to put the trial court on notice of the alleged irregularity so that he may cure the problem, and to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. Potter also explained that,
the jurisprudence in this state recognizes certain limited exceptions to the contemporaneous objection rule, especially in cases involving prejudice to the defendant’s due process rights or cases where a fundamental error “substantially undermines the reliability of the fact-finding process.” State v. Arvie, 505 So.2d 44, 47 (La.1987); State v. Alexander, 430 So.2d 621, 623 (La.1983). See also State v. Hayes, 364 So.2d 923 (La.1978) and the cases cited therein.
Id. (emphasis added), See also, State v. Hookfin, 476 So.2d 481, 493 (La.App. 1 Cir.1985). The instant case contains the type of error contemplated by the second exception. The error is so fundamental that it “substantially undermines the reliability of the fact-finding process.” The victim’s mother should not have been permitted to testify regarding what the victim told her about the crime. Moreover, since the mother’s testimony is the only testimony that gives minimal credence to the use of force or threats of force in this case, the fundamental error of not objecting to her testimony is greatly exacerbated. In this situation, it is grossly unfair to use the inadmissible hearsay testimony of the mother to convict the defendant of forcible rape because counsel for defendant failed to contemporaneously object.
Moreover, the very way that the testimony came into evidence did not afford counsel for defendant a meaningful opportunity to anticipate it or object to it because the witness’s testimony was unresponsive to the question:
Q: And then what? Did he climb on top of her?
A: Well, he held one hand over her stomach and one hand over her mouth so she wouldn’t yell?
Q: And—
A: And he put it in.
bAlso, defendant’s attorney elicited this testimony on cross-examination, therefore, he could not have objected timely to a nonre-sponsive answer.
Therefore, I would set aside the defendant’s conviction and sentence for forcible rape and remand to the trial .court with instructions that a judgment of guilty of sexual battery be entered and the defendant sentenced accordingly.[2]

. La.C.E. art. 804(B)(6) was redesignated as Paragraph (5) by Acts 1997, No. 577, Section 4.

. The trial court instructed the jury on sexual battery as a lesser-included offense. The elements of that offense are that the offender touched the anus or genitals of the victim where he or she was not yet fifteen and the offender was more than three years older than the victim. La.R.S. 14:43.1. See State v. Simmons, 621 So.2d 1135, 1138 (La.App. 4 Cir.1993); State v. Papillion, 467 So.2d 136 (La.App. 3 Cir.1985).